## DAVID STEWART and CHARLES F. MAYER vs. JOHN GLENN.

The trustees for the sale of certain mortgaged property, postponed the sale at the request of the mortgagor, who stipulated that they should be allowed extra or double commissions. HELD, that this was a personal contract with the mortgagor, and gave the trustees no right to claim commissions for the postponed sale out of the proceeds of sale.

APPEAL from the Court of Chancery.

The appeal in this case was taken by the appellants from the chancellor's order disallowing their claim for double commissions upon the proceeds of sale of certain mortgaged premises, for the sale of which they were trustees, claimed by them under the circumstances set out in the opinion of this court, and in the following opinion of the Chancellor, (JOHNSON,) thereon:

"The next question relates to the allowance for commissions, claimed by the trustees upon the proceeds of sale, on account of the sale which was to have taken place on the 15th of October 1846, which was postponed at the instance of Edward H. Dorsey, and concurred in by the opposite party according to the statement in the trustees report, (this opposite party being the Baltimore Life Insurance Company,) and the trustees further report, that upon the occasion of this postponement 'the said Edward H. Dorsey entered into a stipulation with your trustees for payment of commissions and expenses.'

"If there remained a surplus of the proceeds of sale after paying all claims against the mortgaged property, which surplus would belong to Dorsey, it might be a question how far he would be bound by his stipulation with the trustees to pay them commissions for postponing the sale, though such engagements, under ordinary circumstances, should not, I think, be regarded with a very favorable eye. But as there is no surplus, the proceeds of the sale on the contrary being altogether insufficient to pay the claims of creditors who come in after

the Baltimore Life Insurance Company, it appears to me quite plain the claim cannot be allowed. If allowed at all it must be at the expense of parties who neither approved or knew of the stipulation, and those who did know and approved of it bear no part of the burden, the claim of the Insurance Company being paid in full, and there being nothing left for Dorsey whether the commission is allowed or not.

"There is, moreover, another reason which is conclusive against the right of the trustees to have this commission paid out of the proceeds of sales. Their contract was with Edward H. Dorsey, personally. The report states, 'the said Edward entered into a stipulation with your trustees for payment of commissions and expenses.' The contract was not that they should be paid commissions out of the proceeds of sales, but that Dorsey should pay, and to Dorsey, it seems to me, they must look for payment. If it had been intended that the commission should come out of the proceeds of the sale the contract should have been entered into by the Insurance Company, the creditor, as well as by Dorsey, because, in the event of a deficiency, the loss would have fallen upon the creditor, and therefore the fact that it was the stipulation of Dorsey alone is strong to show that he, and he alone, was to pay it. I am, therefore, of opinion, that no commission can be allowed on the postponed sale. The trustees, of course, are entitled to commissions, according to the rule of the court, upon the proceeds of sale actually made, and to all the usual expenses attending it and the preceding attempts to sell which were ineffectual."

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

No counsel appeared for the appellants, and *Thos. G. Pratt,* for the appellee, submitted the case upon a brief statement of the facts as above given.

MASON, J., delivered the opinion of this court.

The appellants in this cause were the trustees appointed by the court to sell the mortgaged premises mentioned in the proceedings, and their claim is for double commissions upon the proceeds of sale.    It appears, that when the property was first advertised by them, they were requested by Edward H. Dorsey, the owner of the equity of redemption, to postpone the sale, and that Dorsey stipulated that they should be allowed extra or double commissions.    The sale was accordingly postponed, and the trustees' claim is based upon the promise of Dorsey to pay the double commissions in consideration of the postponement.

The present appeal is taken from so much of the chancellor's opinion and decree as relates to, and disallows this claim.

The chancellor, we think, was right in rejecting it, and concurring with him in his views upon the subject, and the conclusions to which he has arrived, we will affirm his decree with costs.    Besides, we regard the present appeal as having been virtually abandoned by the appellants.

*Decree affirmed.*